IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NSK LTD.,

    Plaintiff,

v.

ILJIN GLOBAL CO., LTD., and ILJIN USA
CORPORATION,

    Defendants.
_____/

Case No.
Hon.

BODMAN PLC
By:   Dennis J. Levasseur (P39778)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
dlevasseur@bodmanllp.com

    - and -

WHITE & CASE LLP
By:   Jack Q. Lever, Esq.
       Shamita D. Etienne-Cummings, Esq.
701 Thirteenth Street, NW
Washington, DC 20005-3807
(202) 626-3600
jlever@whitecase.com
setienne@whitecase.com

    - and -

WHITE & CASE LLP
By:   David E. Case, Esq.
Marunouchi Trust Tower Main
26th Floor, 1-8-3
Marunouchi, Chiyoda-ku
Tokyo, 101-0054
Japan
81-3-6384-3149
dcase@whitecase.com

Attorneys for Plaintiff NSK Ltd.
_____/

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

1. Plaintiff NSK Ltd., ("NSK" or "Plaintiff"), by and through its attorneys, for its Complaint against Defendants ILJIN Global Co., Ltd. ("ILJIN Global") and ILJIN USA Corporation ("ILJIN USA") (collectively, the "Defendants"), alleges the following.

## NATURE OF THE ACTION

2. This action arises under the patent laws of the United States (35 U.S.C. § 1 *et seq.*) based upon the Defendants' infringement of U.S. Patent Nos. 6,280,096 ("the '096 Patent") and 6,422,758 ("the '758 Patent"). Copies of the '096 Patent and the '758 Patent are attached as Exhibits A and B to this Complaint.

## PARTIES

3. NSK is a corporation organized and existing under the laws of Japan, having its principal place of business at Nissei Bldg., 1-6-3, Ohsaki, Shinagawa-ku, Tokyo, 141-8560 Japan. NSK is a global leader in the manufacture of bearings, including hub unit bearings for automobile wheels.

4. Upon information and belief, ILJIN Global is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 128-5 Samsung-dong, Gangnam-gu, Seoul, the Republic of Korea 135-090.

5. Upon information and belief, ILJIN USA is a Michigan corporation with its principal place of business at 28055, Haggerty Road, Novi, Michigan 48377-2902.

6. Upon information and belief, ILJIN USA is affiliated with ILJIN Global.

## JURISDICTION AND VENUE

7. This is an action for patent infringement. The claims arise under the patent laws of the United States, Title 35 U.S.C. §§ 1 *et seq.*

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9. Upon information and belief, this Court has general personal jurisdiction over ILJIN USA because ILJIN USA is incorporated in Michigan. Additionally, upon information

and belief, the Defendants are subject to both this Court's limited and general jurisdiction since, within the State of Michigan: (i) the Defendants conduct a continuous and systematic part of their general business, (ii) the Defendants transact business, and (iii) the causes of action alleged in the Complaint occurred. Upon information and belief, such business activities include, without limitation, the importation, offering to sell and sale and use of infringing hub unit bearings for automobiles that are incorporated into automobiles made in the United States and sold in most districts, including in this district. Further, upon information and belief, the Defendants sell to companies engage in aftermarket sales of infringing hub unit bearings throughout the United States, including in this district.

10. Accordingly, this Court has personal jurisdiction over the Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A).

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) for at least the reasons that, upon information and belief, the Defendants have transacted business in this district and have committed, induced and contributed to acts of patent infringement within this district. Further, the location of witnesses as well as physical and documentary evidence related to the acts of patent infringement asserted in the Complaint are located in or can be easily transported to Michigan.

## THE ACCUSED PRODUCTS

12. Upon information and belief, ILJIN Global manufactures hub unit bearings for use in automobiles, including ILJIN Global's hub unit bearings, and sells the hub unit bearings to ILJIN USA. These hub unit bearings are then imported by ILJIN USA and sold in the United States, including in this district.

13. Upon information and belief, the hub unit bearings have been and continue to be imported and sold in the United States by the Defendants to automakers that incorporate the hub unit bearings into automobiles sold in the United States, including in this district. Such

automobiles include, without limitation, General Motors Equinox, Ford Taurus, and Chrysler LX300 vehicles.

## THE PATENTS-IN-SUIT

14. NSK is the owner of the entire right, title and interest in and to the '096 Patent, issued August 28, 2001, entitled "Rolling Bearing Unit For Supporting Vehicle Wheel."

15. NSK is the owner of the entire right, title and interest in and to the '758 Patent, issued July 23, 2002, entitled "Rolling Bearing Unit For Supporting Vehicle Wheel." The application for the '758 Patent was filed as a continuation of the '096 Patent application.

16. The '096 Patent, and the '758 Patent, are now, and have been at all times since their respective dates of issuance, valid and enforceable.

## COUNT I

(Infringement of the '096 Patent)

17. The allegations of paragraphs 1-16 above are repeated and re-alleged as if set forth fully herein.

18. Upon information and belief, the Defendants' use, offer to sell, and sales within the United States and the Defendants' importation into the United States of ILJIN Global's hub unit bearings, including the hub unit bearings incorporated in General Motors Equinox, Ford Taurus, and Chrysler LX300 vehicles, infringes, literally or under the doctrine of equivalents, one or more claims of the '096 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), (f), and/or (g).

19. Upon information and belief, the Defendants' infringement of the '096 Patent has been knowing and willful.

20. The Defendants' infringement of the '096 Patent has caused and continues to cause NSK to suffer substantial monetary damages.

21. The Defendants' infringement of the '096 Patent has caused and continues to cause NSK to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT II

Detroit_1061367_1

(Infringement of the '758 Patent)

22. The allegations of paragraphs 1-16 above are repeated and re-alleged as if set forth fully herein.

23. Upon information and belief, the Defendants' use, offer to sell, and sales within the United States and the Defendants' importation into the United States of ILJIN Global's hub unit bearings, including the hub unit bearings incorporated in General Motors Equinox and Chrysler LX300 vehicles, infringes, literally or under the doctrine of equivalents, one or more claims of the '758 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), (f), and/or (g).

24. Upon information and belief, the Defendants' infringement of the '758 Patent has been knowing and willful.

25. The Defendants' infringement of the '758 Patent has caused and continues to cause NSK to suffer substantial monetary damages.

26. The Defendants' infringement of the '758 Patent has caused and continues to cause NSK to suffer irreparable harm for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, NSK respectfully requests that the Court grant the following relief:

a) enter judgment that the Defendants infringe and have infringed the '096 Patent and the '758 Patent;

b) declare that the Defendants' infringement of the '096 Patent and the '758 Patent has been willful;

c) enter a preliminary and permanent injunction enjoining the Defendants, their officers, agents, servants, employees, and attorneys, and those persons and entities in active concert or participation with them, from further infringement of the '096 Patent and the '758 Patent;

d) enter judgment awarding NSK damages from the Defendants adequate to compensate for the Defendants' infringement, including interest and costs;

e) enter judgment awarding NSK treble damages based on the Defendants' willful infringement of the NSK '096 Patent and '758 Patent;

f) declare this case to be exceptional and enter judgment awarding NSK increased damages under 35 U.S.C. § 284 and its reasonable attorney fees and costs under 35 U.S.C. § 285; and

g) award NSK such further relief as this court deems just and proper.

## DEMAND FOR JURY TRIAL

NSK respectfully requests a trial by jury on all issues so triable, pursuant to Ref. R. Civ. P. 38.

Respectfully submitted,

BODMAN PLC

By: /s/ Dennis J. Levasseur
    Dennis J. Levasseur (P39778)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
dlevasseur@bodmanllp.com

- and -

WHITE & CASE LLP
By: Jack Q. Lever, Esq.
    Shamita D. Etienne-Cummings, Esq.
701 Thirteenth Street, NW
Washington, DC 20005-3807
(202) 626-3600
jlever@whitecase.com
setienne@whitecase.com

- and -

                                        WHITE & CASE LLP
                                        By: David E. Case, Esq.
                                        Marunouchi Trust Tower Main
                                        26th Floor, 1-8-3
                                        Marunouchi, Chiyoda-ku
                                        Tokyo, 101-0054
                                        Japan
                                        81-3-6384-3149
                                        dcase@whitecase.com

                                        Attorneys for Plaintiff NSK Ltd.

January 11, 2011

Detroit_1061367_1